| | |
|---|---|
| **Procurator General's Office**<br>**of the Russian Federation** | **Ms. Mary Ellen Warlow**<br>**Director** |
| 15A Bolshaya Dmitrovka<br>Moscow, GSP-3, 125993, Russia | Office of International Affairs<br>US Department of Justice |
| 11  04.2005 Our ref. 35\2-932-05 | 1301 New York Ave. NW<br>Washington, D.C. 20005 |

Esteemed Ms. Director,

    The Procurator General's Office of the Russian Federation presents its compliments to the US Department of Justice and pursuant to the Treaty on Mutual Legal Assistance in Criminal Matters of June 17, 1999, has the honor to request legal assistance in the criminal matter No. 321445 instituted on the elements of crime stipulated by art. 145-1 part 1 of the Criminal Code of the Russian Federation on the fact of great violations by the Closed Joint-stock Company "Ocean Navigable Lines".
    The performance of the investigative actions in the territory of the United States is necessary in order to ensure a comprehensive preliminary investigation.
    Procedural criminal law of the Russian Federation envisages limited terms of the prejudicial investigation on criminal matters.
    Procedural terms violation may adversely affect the results of criminal investigation and bringing the accused to justice. In view of the aforesaid we kindly ask you to fulfill the request by 01.07.2005 and forward the results to the Procurator General's Office of the Russian Federation.
    The Procurator General's Office of the Russian Federation guarantees that the documents and data obtained during the course of request execution will be used for the purposes of the investigation only and will not cause any harm to the sovereignty, security and public order of the United States and its nationals.
    The Procurator General's Office of the Russian Federation thanks you in advance for your cooperation and confirms its readiness to provide similar or other kind of legal assistance in criminal matters to the law-enforcement agencies of the United States.

Enclosure: on 8 pages

Chief
International Law Department

2-nd Class
State Justice Adviser  R.A. Adelkhanyan

*Translated from Russian*

(a state emblem)
**PROSECUTOR OFFICE OF
THE RUSSIAN FEDERATION**

To: The Ministry of Justice of
the United States of America

**PROSECUTOR OFFICE OF
MOSCOW CITY**

SAVELOVSKAYA INTERREGIONAL
PROSECUTOR OFFICE
NORTH ADMINISTRATIVE AREA
103006, Moscow city, Staropimenovsky Lane, 4
Tel. 299-47-25
03.03.2005   No 321445

    Savelovskaya Interregional Prosecutor Office, Moscow city, presents its compliments to the Ministry of Justice of the United States of America and in compliance with the Treaty on Rendering Mutual Legal Assistance in Criminal Cases between the Russian Federation and the United States of America dated 17.06.1999 has the honor to request the Ministry to kindly render legal assistance in investigating criminal case No 321445.

    The aforesaid criminal case was instituted on December 06, 2004 by Savelovskaya Interregional Prosecutor Office on the constituent elements of a crime envisaged by part 1, article 145.1, Criminal Code of the Russian Federation acting on an appeal by citizen F.A.Pesyakov in respect of gross violations by the management of ZAO "Oceanic Shipping Lines" of the labor legislation governing the procedure and terms of payment for work.

    The documents contained in the case indicate that through a ruling of Tagansky Regional Court, Central Administrative Area, Moscow city dated 07.06.2002 on civil case No 2-z92-02-6c in respect of a lawsuit filed by Archipov, Balashov, Michailov, Snitko, Popov, Pesyakov, Kornev, Vinogradov, Baiborodin, Kozin, Smokotin, Bayazitov, and Medvedev for a recovery of wages amounting to over US$ 40 000 the plaintiffs' claims have been fully recognized and redressed by a representative of ZAO "Oceanic Shipping Lines".

    Within the framework of an execution of the judgment No GI-5662/02 the monetary funds amounting to 4 167 272 rubles and 27 kopecks were received at an account of the interregional subdivision of the Krasnoyarsk Area Bailiffs' Service and have been transferred to an account of "E.K.O. International LLC" company represented in Russia by ZAO "Oceanic Shipping Lines". However, the aforesaid monetary funds are handed over to a physical person A.Yu.Sivak providing legal services to ZAO "Oceanic Shipping Lines". Also adducted to the materials of the criminal case are the copies of the court rulings of Kirovsky Regional Court of St. Petersburg dated 25.01.2001 reclaiming from "E.K.O. International LLC" the wages amounting to over US$ 30 000 in favor of Prokopyev, Shapovalov, Boyev, Gubanov and Kutuzov. It follows from one of the rulings that ZAO "Oceanic Shipping Lines" represents a defaulter company in Russia. This fact is confirmed also by a copy of the resolution on termination of an execution of the judgment dated 15.03.2004.

    A head of ZAO "Oceanic Shipping Lines" was Valery Georgiyevich Suradze who used to conclude contracts for a recruitment of workers belonging to "E.K.O. International LLC".

    It follows from the aforesaid that ZAO "Oceanic Shipping Lines" acting in Russia as a labor recruiting agent for "E.K.O. International LLC" did possess the monetary funds for paying wages but would not do it.

    It follows from the documents produced by the management of ZAO "Oceanic Shipping Lines" that "E.K.O. International LLC" is located at the following address: E.K.O. International LLC, 12260 Willow Grove Road, Bldg 2, Camden, DE 19934, County of Kent, State of Delaware, USA.

At present it is necessary to ascertain whether "E.K.O. International LLC" is actually located at the aforesaid address in the USA. In case such a company does exist it is necessary to perform a number of investigative actions involving the managers of this company as well as reclaim the documents being of importance for this criminal case.

On the grounds of the aforesaid and taking guidance from articles 453 and 454, Criminal Procedural Code of the Russian Federation I do hereby

**Request:**

1. To establish actual location of "E.K.O. International LLC".

2. To interrogate as witnesses the managers of this company putting the following questions:
   - What are "E.K.O. International LLC" business and its activities' specifics and trends?
   - Since when has "E.K.O. International LLC" been operating?
   - Does "E.K.O. International LLC" own any ships?
   - Did "E.K.O. International LLC" conclude a management (agency) agreement with ZAO "Oceanic Shipping Lines?" whose General Director was Valery Georgiyevich Suradze? If so, what were the period of operation and terms of this agreement?
   - Who recruited crews for the ships owned by "E.K.O. International LLC"?
   - How was the payout of wages to the crews of the aforesaid ships effected?
   - Were there any facts of non-payment of wages to the ship crews? If so, what were the reasons for the non-payment?
   - Were the monetary funds amounting to US$ 132 589 exacted by Moscow City Court from OAO "Yenisei River Steamship Company" in favor of "E.K.O. International LLC" ever received at a banking account of "E.K.O. International LLC"? If so, how were these monetary funds remitted? By whom exactly and to which specific banking account were these monetary funds remitted?
   - What were the reasons for dissolution of the management (agency) agreement between "E.K.O. International LLC" and ZAO "Oceanic Shipping Lines"?
   - Were there any arrears in wages of "E.K.O. International LLC" due to the ship crews recruited by this company's agent, ZAO "Oceanic Shipping Lines"? If so, what are the reasons for the arrears' payment being not effected till now?

2. To reclaim from the management of "E.K.O. International LLC" certified copies of the following documents:
   - Documents underlying "E.K.O. International LLC." activities (a charter, a license, a certificate of registration, documents for the ships owned by this company etc.).
   - Documents related to the payment of wages to the ship crews recruited for work by ZAO "Oceanic Shipping Lines" for the period from 1999 to 2002 (a muster-roll for each crew member, pay-sheets with marks confirming the receipt of wages and other documents being of importance for this criminal case).

3. To locate the banking accounts of "E.K.O. International LLC".

4. To recover from the aforesaid banks information on the transfer of monetary funds of "E.K.O. International LLC" for the period from 1999 to 2002.

Enclosure: extract from the Criminal Code of the Russian Federation – 1 page, English translation of the application for the legal assistance – 3 pages.

Thanking for assistance in advance,

Senior Investigator, Savelovskaya Interregional Prosecutor Office, Moscow city
3rd Class Jurist            (signed)            B.P. Kostenetsky

3

Supplement to the Request for legal assistance

**Article 145.1 Non-payment of wages, pensions, stipends, gratuities and other payouts**

1. Non-payment of wages, pensions, stipends, gratuities and other legally established payouts exceeding two months and committed by a head of an enterprise, office or organization irrespective of a form of ownership out of mercenary-minded or other self-interest –
shall be punishable by a fine to the extent of one hundred up to two hundred minimal wages or a convict's salary or other income for the period of one up to two months or a deprivation of a right to hold certain posts or be engaged in certain types of activity for the period of up to 5 years or an imprisonment for the period of up to two years.

2. The same deed entailing grievous repercussions -
shall be punishable by a fine to the extent of three hundred up to seven hundred minimal wages or a convict's salary or other income for the period of three up to seven months or an imprisonment for the period of three up to seven years with a deprivation of a right to hold certain posts or be engaged in certain types of activity for the period of up to three years or without the same.

*(official seal)*

Перевел      В. Красильников